UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

_____

| | |
|---|---|
| WILLIAM C. DOAR, III, | ) C/A No.: 4:15-cv-3525-TLW-TER |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) **Report and Recommendation** |
| | ) |
| WARDEN, ALLENDALE | ) |
| CORRECTIONAL INSTITUTION, | ) |
| | ) |
| Respondent. | ) |

_____ )

Petitioner, William C. Doar, III, (Petitioner), appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on September 2, 2015. Respondent filed a motion for summary judgment on February 1, 2016, along with a return and memorandum. (Docs. #14 and #15). The undersigned issued an order filed February 2, 2016, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. (Doc. #17). Petitioner filed a letter on February 29, 2016, that appears to be a response. (Doc. #19).

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

## **PROCEDURAL HISTORY**

The procedural history as set forth by the Respondent has not been seriously disputed by the Petitioner in his response. Therefore, the undersigned will set out the undisputed procedural history, in part, as set forth by the Respondent.

Petitioner is currently confined at the Allendale Correctional Institution in the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of Court for Charleston County. Petitioner was indicted by the Charleston County Grand Jury during the March 2011 term, for seven counts of Criminal Sexual Conduct with a Minor, 2nd Degree and two counts of Contributing to the Delinquency of a Minor. Petitioner was represented by Rodney Davis, Esquire, of the Charleston County Public Defender's office. The State was represented by Assistant Solicitor Debbie Herring-Lash of the Ninth Judicial Circuit Solicitor's Office.

Petitioner waived his right to a trial by jury and pleaded guilty to two counts of Criminal Sexual Conduct with a Minor, 2nd Degree before the Honorable Roger M. Young, Sr., Circuit Court Judge on November 28, 2011. Pursuant to the terms of the negotiated plea, Judge Young sentenced Petitioner to fifteen years confinement suspended to completion of seven years' service followed by three years probation. (Tr. 9). Petitioner did not file a direct appeal.

**PCR**

On November 19, 2012, Petitioner filed an Application for Post-Conviction Relief (PCR), asserting the following claims:

Ineffective assistance of counsel:

    a.    No appeal filed.
    b.    State withheld information, Rule 5. Refused info M-health on defendant or victims.
    c.    Did not make me understand consequences of guilty plea.

(Tr. 12).

An evidentiary hearing in this action was held on January 15, 2014, before the Honorable Kristi L. Harrington, South Carolina Circuit Court Judge. Petitioner was present and was represented by Joseph C. Good, III. The State was represented by Assistant Attorney General Ashleigh R. Wilson.

The Order of Dismissal notes that at the time of the hearing, Petitioner waived all grounds for relief except the following:

    1.    Ineffective assistance of counsel

        a.    Counsel failed to file an appeal.
        b.    Counsel failed to obtain the Applicant and the victim's mental health records.
        c.    Counsel failed to have the Applicant mentally evaluated.

(Tr. 64).
The PCR court filed an Order of Dismissal on March 3, 2014, denying the application.

**PCR Appeal**

Petitioner filed a Notice of Appeal from the denial of his PCR application and was represented by Laura R. Baer, Appellate Defender with the South Carolina Commission on Indigent Defense, Division of Appellate Defense. The appeal was perfected with the filing of a Johnson Petition for Writ of Certorari raising the following issue:

> Whether the PCR court erred in denying the Motion to Substitute Counsel where PCR counsel stated that substitution was in his "Client's best interests," the PCR hearing record reveals that PCR counsel was not prepared, and the State did not object to the substitution?

(Doc. #15-5, at 3).

By Order filed August 20, 2015, the South Carolina Supreme Court denied the Johnson Petition for Writ of Certiorari and the remittitur was issued on September 8, 2015.

### HABEAS ALLEGATIONS

Petitioner raised the following allegations in his habeas petition, quoted verbatim:

4

| | |
|---|---|
| GROUND ONE: | I was denied my right to due process and a fair trial, in violation of the U.S. Constitution's 6th Amendment. |
| Supporting Facts: | Ineffective assistance of counsel-where my counsel failed to have my mental health evaluated after full disclosure of my mental health history and where my ability to understand and put forth a guilty plea should have been in question. See attached. |
| GROUND TWO: | I was denied my right to due process and a fair trial in violation of the U.S. Constitution's 6th Amendment. |
| Supporting facts: | I was denied the opportunity for physciatric [sic] evaluation, which according to law should have taken place prior to trial or guilty plea. See attachment [sic]. |
| GROUND THREE: | I was denied my right to due process and fair trial in violation of the 4th, 5th and 14th Amendments of the U.S. Constitution. |
| Supporting facts: | My right to reasonable expectation or infringment[sic] of privacy while in custody or under interrogation, and also my right against self incrimination (ability or inability) to retract a statement made later were undermined and crimnaly[sic] ignored/neglected through denial of proffesional[sic] mental health care valuation/or representation. My custodians were fully aware of my mental health history at the time of arrest. see attached. |

(Petition)(error in original).

5

## **STANDARD FOR SUMMARY JUDGMENT**

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972).  The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court  assume the existence of a genuine issue of material fact where none exists.  If none can be shown, the motion should be granted.  Fed. R. Civ. P. 56(c).

The moving party bears the burden of showing that summary judgment is proper.  Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof.  Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute

for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. See Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves). Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with ... affidavits, if any." Id. at 322; see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86

7

(4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

## **STANDARD OF REVIEW**

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim-
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

Thus, a writ may be granted if a state court "identifies the correct principle from [the Supreme] Court's decisions but unreasonably applies that principle of law" to the facts of the case. Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (citing Williams v. Taylor, 529 U.S. 362, 413 (2000)). However, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." Id. "Thus, to grant [a] habeas petition, [the court] must conclude that the state court's

adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004). Further, factual findings "made by a State court shall be presumed to be correct," and a Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## **PROCEDURAL BAR**

The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, Smith v. Murray, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, (i.e., direct appeal, appeal from PCR denial) and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules

promote

> . . . not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

Reed v. Ross, 468 U.S. 1, 10-11 (1984).

Although the federal courts have the power to consider claims despite a state procedural bar,

> . . . the exercise of that power ordinarily is inappropriate unless the defendant succeeds in showing both "cause" for noncompliance with the state rule and "actual prejudice" resulting from the alleged constitutional violation.

Smith v. Murray, 477 U.S. 533 (quoting Wainwright v. Sykes, 433 U.S. at 84 (1977)). See also Engle v. Isaac, 456 U.S. 107, 135 (1982).

Stated simply, if a federal habeas Petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a Petitioner has failed to comply with state procedural requirements and cannot make the required showing(s) of cause and prejudice, the federal courts generally decline to hear the claim. See Murray v. Carrier, 477 U.S. 478, 496 (1986).

## **ANALYSIS**

Ground One

In Ground One of the federal habeas petition, Petitioner alleges that he was denied his right to a fair trial in violation of the Sixth Amendment. Specifically, Petitioner alleges ineffective assistance of plea counsel for failing to have his mental health evaluated after the full disclosure of his mental health history as his ability to understand and agree to a guilty plea should have been questioned.

When presented with an application for habeas relief, the first inquiry by the court is to determine whether the claim raised in the petition was "adjudicated on the merits" by the state court. 28 U.S.C.A. §2254(d). If the claim was properly presented to the state court and the state court adjudicated it, the deferential standard of review set forth in §2254(d) applies and federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." Id. § 2254(d)(1),(2); see Williams v. Taylor, 529 U.S. at 398.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland , supra, the

United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) (quoting Strickland, reversed on other grounds, 476 U.S. 28 (1986)). In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. Strickland requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Strickland, at 694.

The court further held at page 695 that:

> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct . . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally

12

>  competent assistance. (Emphasis added.)

Id.; Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000)(confirming the Strickland analysis).

This issue was raised and ruled upon by the PCR court and raised in the PCR appeal. The PCR court held as follows with regard to this issue:

> This Court finds that counsel was not ineffective for failing to have the Applicant mentally evaluated. A defendant must be mentally competent to stand trial to assist counsel in his defense. Drope v. Missouri, 420 U.S. 62 (1975). In determining if counsel is ineffective for failing to request a competency hearing, an applicant must show that a reasonable probability exists that he would be found incompetent at the time of his trial or plea.
>
> This Court finds that the Applicant has failed to carry his burden of proving that he would have been found incompetent at the time of his guilty plea. This Court finds the Applicant failed to present any evidence showing he suffered from a mental illness that precluded him from assisting counsel in his defense. This Court finds most persuasive counsel's testimony that he was aware of the Applicant's mental health background and that the Applicant was active in his defense. This Court also finds persuasive counsel's testimony that the results of any evaluation would have gone to mitigation and would not have provided any defense against the Applicant's charges. This Court finds counsel was not ineffective for failing to have the Applicant evaluated.
>
> This Court also finds that counsel was not ineffective for failing to obtain the mental health records of the victim or the Applicant. This Court finds credible counsel's testimony that he was not aware of any mental health

> records for the victim. Counsel also testified while he did not have the Applicant's mental health records, he was aware of the Applicant's mental health background and had discussed it with the Applicant at length. This Court finds the Applicant has failed to show how these records would have [been] beneficial to his case and how counsel's failure to obtain the records resulted in any prejudice. This Court finds that his allegation is without merit and the Applicant has failed to carry his burden of proving counsel was ineffective for failing to obtain the mental health records of the victims and the Applicant.
>
> Accordingly, this Court finds the Applicant has failed to prove the first prong of the Strickland test, specifically that counsel failed to render reasonably effective assistance under prevailing professional norms. The Applicant failed to present specific and compelling evidence that counsel committed either errors or omissions while representing the Applicant. The Applicant failed to show that counsel's performance was deficient. Therefore, this Court need not address prejudice. Applicant's complaints concerning counsel's performance are without merit and are denied and dismissed.

(Tr. 68-69).

Based upon the record, the PCR court's rejection of the ineffective assistance of counsel ground for relief was not "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(1), (2); Williams, supra. The PCR court found Petitioner's

testimony not credible while finding plea counsel's testimony credible.  The PCR court's factual determinations regarding credibility are entitled to deference in this action. Cagle v. Branker, 520 F.3d 320, 324 (4th Cir.2008), (citing 28 U.S.C. § 2254(e)(1) (for a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear)); see also Marshall v. Lonberger, 459 U.S. 422, 434, 103 S.Ct. 843, 74 L.Ed.2d 646, (1983) ("28 U.S.C. § 2254(d) gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them"). Additionally, a presumption of correctness attaches to state court factual findings. 28 U.S.C. §2244(e)(1). Evans v. Smith, supra; Wilson v. Moore, supra.  The PCR court used the correct Strickland standard in determining counsel was not ineffective. At the PCR hearing, Petitioner did not submit any mental health records or evaluation to show how the records would have been beneficial or how he was prejudiced by counsel failing to obtain the records.  Additionally, a plea of guilty is considered by the court to be a solemn judicial admission that the charges against the defendant are true.  The defendant may not later argue that his plea was invalid except in extremely limited circumstances, Blackledge v. Allison, 431 U.S. 63 (1977) (explaining that in a very limited number of cases the court will allow a defendant's challenge to his plea on the basis that the plea was "the product of such factors as misunderstanding, duress, or

misrepresentation by others," though the allegations must be concrete and specific). "The accuracy and truth of an accused's statements at a Rule 11 proceeding in which his guilty plea is accepted are 'conclusively' established by that proceeding unless and until he makes some reasonable allegation why this should not be so." Crawford v. United States, 519 F.2d 347, 350 (4th Cir. 1975).[2] When there has been a guilty plea, the applicant must prove that counsel's representation was below the standard of reasonableness and that, but for counsel's unprofessional errors, there is a reasonable probability that he would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 58-59, 106 S.Ct. 366, 370 (1985); Roscoe v. State, 345 S.C. 16, 20, 546 S.E.2d 417, 419 (2001). Accordingly, it is recommended that Respondent's motion for summary judgment be granted as to Ground One.

**Grounds Two and Three**

In Ground Two of the habeas petition, Petitioner asserts that he was denied his right to due process and a fair trial when he was denied the opportunity for a

---

[2] See also Bemis v. United States, 30 F.3d 220, 222-23 (1st Cir.1994)(observing general rule that a defendant pursuing habeas relief is "ordinarily bound by his or her representations in court" vis-a-vis a plea); United States v. Butt, 731 F.2d 75, 80 (1st Cir.1984)(affirming denial of habeas motion without a hearing, concluding that the movant's allegations that his attorney had mislead him concerning the judge's acceptance of the plea were "unsupported by specific facts and contradicted by the record," the habeas motion being bare of "credible, valid reasons why a departure from [his] earlier contradictory statements is ... justified," citing Crawford v. United States, 519 F.2d 347, 350 (4 th Cir.1975)).

psychiatric evaluation prior to the plea. In Ground Three, Petitioner argues that his right to privacy and right against self-incrimination were violated. Respondent argues that these are free standing claims because they were not raised at trial, not preserved for appellate review, and Petitioner waived these issues when he pleaded guilty.

Any due process arguments on these issues were not presented to the state courts and would be procedurally defaulted as a free standing constitutional claim. This claim is not properly before this court, as it has not been "fairly presented" during state proceedings. George v. Angelone, 100 F.3d 353, 362 (4th Cir.1996). A federal court's habeas review focuses on the state court decision that already addressed the claims, not "the petitioner's free-standing claims themselves." McLee v. Angelone, 967 F.Supp. 152, 156 (E.D.Va.1997), appeal dismissed, 139 F.3d 891 (4th Cir.1998). Petitioner has not shown cause to overcome the default. Therefore, it is recommended that Respondent's motion for summary judgment be granted and Grounds Two and Three be dismissed as procedurally barred.

## **CONCLUSION**

As set out above, a review of the record indicates that the petition should be dismissed. Therefore, it is RECOMMENDED that Respondent's motion for summary judgment (Doc. #16) be granted and the petition be dismissed without an evidentiary

hearing.

                                            Respectfully submitted,

                                            s/Thomas E. Rogers, III

March 14, 2016                           Thomas E. Rogers, III
Florence, South Carolina           United States Magistrate Judge

**The parties' attention is directed to the important information on the attached notice**.